**In re LAKE CITY R.V., INC., Debtor.**

**Bankruptcy No. 95–03264.**

United States Bankruptcy Court,
D. Idaho.

Oct. 23, 1998.

---

H. James Magnuson, Coeur d'Alene, Idaho, for Trustee.

David and Audrey Erickson, Coeur d'Alene, Idaho, appearing pro se.

## SUMMARY ORDER

TERRY L. MEYERS, Bankruptcy Judge.

The chapter 7 trustee of the above estate, Ford Elsaesser, ("Trustee") filed an adversary complaint against John and Jacquelyn Gale, Adversary No. 97–6316. The Trustee alleged the Gales received several preferential transfers under Section 547(b) in an amount "to be proven at trial."

The Trustee moved for summary judgment, and that motion was scheduled for hearing when the litigants reached a tentative settlement. The terms of that proposed settlement will be addressed below.

The matter presently comes before the Court in the chapter 7 case on the Trustee's motion for approval of compromise under Rule 9019. A hearing on notice, Rule 2002(a)(3), was held on September 2, 1998. Mr. Erickson, for himself and his wife as creditors of the Debtor, objected. The matter was taken under advisement.

The Court has reviewed the files in the chapter 7 case; the files and records in the subject adversary proceeding, No. 97–6316; the submissions of the Trustee in support of the proposed compromise (essentially a re-

quest that the Court take judicial notice of the files in Adversary No. 97–6316); the materials submitted by the Ericksons in support of their objection; and the records in a related adversary proceeding between the Ericksons and principals of the Debtor corporation (Adversary No. 96–6058).

All of this effort is, at least in one sense, required by the case law: "There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has appraised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1382 (9th Cir.1986) (quoting *TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)).

Unfortunately, this effort was also required since the Trustee's motion for approval of compromise was but a terse, two paragraph proposal asking the Court to bless a $14,527.85 stipulated recovery from the Gales. Neither the Court nor creditors were provided with much of an explanation, in this motion, of the grounds or reasons supporting the Trustee's request. The motion simply recited:

TRUSTEE has asserted preference claims against GALE relating to payback of an alleged loan by Debtor to GALE. GALE has raised defenses related to an alleged ownership of alleged collateral. GALE has offered to settle all claims raised by the TRUSTEE'S lawsuit pertaining to the claims by payment to the estate in the amount of $14,527.85.

TRUSTEE believes that settlement is in the best interest of creditors as it would result in reasonable value to the Estate, save litigation expenses and avoid hazards of litigation regarding the validity of the claims.

The Ericksons' objection asserts that the Gale's financial relationship with the Debtor is not materially different from the one the Ericksons asserted, and which Judge Hagan in Adversary No. 96–6058 found to be an inadequately documented and unperfected secured transaction (thus, *inter alia*, defeating the Ericksons' contention that their $93,000.00 claim should be held nondischargeable under Section 523(a)(6) as a conversion of collateral).

The Court was not provided, by pleading or in argument, a clear and concise explanation by the Trustee of the relevant facts and circumstances surrounding the litigation, or supporting the reasonableness of the proposed compromise. That has unfortunately and unnecessarily required the Court and its staff to spend significant time reviewing these matters, and has delayed issuance of a ruling on the motion. While it is true, as *A & C* instructs, that the Court must make an independent evaluation, there is no good reason why the Court must start from scratch.

The most telling omission could well be the fact that the Trustee, in his motion for summary judgment against the Gales, claimed a right to recovery of preferential transfers totaling $105,435.16. It is hard to conceive how creditors receiving notice under Rules 9019 and 2002(a)(3) could be adequately advised of the nature, fairness, reasonableness and adequacy of the proposed compromise without knowing what was sought as well as what was to be received in settlement.

The gross disparity between amount sought and amount accepted also underscores the need for the Trustee to explain his thinking and set forth the specific factual and legal reasons why the compromise is in the best interest of creditors and the estate. While the Court should give deference to the Trustee's professional judgment, the Court shouldn't have to guess at the factors the Trustee considered or how he may have weighed or evaluated them.

The Court may approve a compromise only if it is "fair and equitable" and that determination must be supported by a sufficient factual foundation. *A & C*, 784 F.2d at 1383.

In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

(a) The probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Flight Transp. Corp. Secs. Litig.*, 730 F.2d 1128, 1135 (8th Cir.1984) (citations omitted), cert. denied, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985).

*A & C*, 784 F.2d at 1381. This standard has been expressly recognized in this District. *In re Pintlar/In re Gulf USA Corp.*, 94 I.B.C.R. 76, 77 (Bankr.D.Idaho 1994). "The trustee, as the party proposing the compromise, has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *A & C*, 784 F.2d at 1381.

■ No explanation or justification was set forth in the Trustee's motion itself, or in any memorandum in support thereof. No evidence was presented by the Trustee at hearing. The Trustee apparently was content to rest upon the entirety of the record as supporting the conclusory statements in the motion. However, that record raises, in the Court's mind, more questions than it answers.

There may well be a sufficient basis to justify the Court's approval of the Trustee's proposed compromise, but it has yet to be established. The Court simply cannot make the findings and reach the conclusions required by the case law based upon the record presented by the Trustee, who bears the burden of proving the fairness and reasonableness of the settlement.

Accordingly, IT IS ORDERED that the Trustee's Motion for Approval of Compromise is DENIED without prejudice.